## CIRCUIT COURT OF THE CITY OF ROANOKE

United Virginia Bank

v.

George T. McDonald and
Roanoke County School Board

August 25, 1982

Case No. Law 82-0136

By JUDGE JACK B. COULTER

The facts in this case have been stipulated, but a condensed summary should serve to illuminate the issues. United Virginia Bank, the plaintiff herein, has a valid judgment in the principal amount of $1,144.49 against George T. McDonald. McDonald had a tort claim against the Roanoke County School Board (hereinafter called the School Board) and one of its bus drivers for injuries growing out of a vehicular accident. On August 6, 1981, the plaintiff served upon the School Board a notice of lien "on property not capable of being levied on" under Code Section 8.01-501. On August 7, 1981, Harleysville Mutual Insurance Company, the liability insurance carrier for the School Board, issued its check in the amount of $7,500.00 to McDonald in full settlement of his claim against the School Board and its bus driver. No notice of lien, however, was served on Harleysville. The Bank filed a garnishment to enforce its lien on August 20, 1981, returnable on November 20, 1981. The

General District Court dismissed the garnishment, and the Bank has appealed.

## THE ISSUES

Conceding the validity of the notice and all other technical requirements, the School Board raises two defenses. First, that the tort claim of McDonald, being speculative, uncertain and unliquidated, was not part of the personal estate of McDonald, the judgment debtor, upon which the lien afforded by Section 8.01-501 was intended to attach. And, secondly, that if McDonald's tort claim should be subject to the lien on intangibles, which is the description by which this lien is characterized in Section 8.01-505, nonetheless "the person making payment" to the judgment debtor was Harleysville, not the School Board. Hence, not being the person paying the debtor, the School Board argues that it is not affected by the lien and should not be held responsible.

As to the first issue, the common law apparently limited writs of execution very narrowly. As observed in 30 Am. Jur. 2d, Executions, § 136:

> It is a general rule of the common law that a writ of execution may not be levied against a mere contractual right or chose in action. . . . [This rule of exclusion] has also been applied to tort claims. . . .

See McNeilly v. Furman (Del.), 95 A.2d 267, and the annotation in 35 ALR 2d 1436, "Right of action for wrongful death as subject to claims of creditors."

But the discussion in 30 Am. Jur. 2d continues:

> It is, however, entirely competent for the legislature of a state to make incorporeal or intangible property, including choses in action, subject to levy under execution, . . .

An analysis of the pertinent Virginia statutes clearly indicates that such rights as a tort claim are included within the portfolio of one's "personal estate" that is subject to levy. In the first place, the subject matter of Article 5 of Chapter 18 of Title 8.01 is entitled "Lien on Property Not Capable of Being Levied On." Hence, we are dealing with nonspecific, intangibles to begin with -- items not covered by Section 8.01-478 (money, bank notes, goods and chattels). An intangible by definition is a "right" rather than a physical object. And a chose in action, which according to Evans v. Greenhow, 56 Va. 777 (15 Gratt. 153) is subject to the lien of a fieri facias, is defined in Black's Law Dictionary, 5th Ed., p. 219, as:

> A right to receive or recover a debt, demand, or damages on a cause of action ex contractu or for a tort or omission of a duty. . . .

Secondly, the language of § 8.01-501 includes the personal estate of the judgment debtor which is not only in existence at the time the writ is delivered to the Sheriff but which the judgment debtor becomes possessed of or entitled to before the return day of the writ. In pertinent part the statute provides:

> Every writ of fieri facias shall, . . . be a lien from the time it is delivered to a sheriff. . . on all the personal estate of or to which the judgment debtor is, or may afterwards and on or before the return day of such writ become possessed or entitled,- . . . (emphasis added)

Although McDonald's tort claim may have been speculative, uncertain, and unliquidated on August 6, 1981, it was clearly certain, liquidated and no longer speculative on August 7, 1981, when he received a check for $7,500.00.

Thirdly, Section 8.01-505 within Article 5, in defining the life of the "lien acquired on intangibles under § 8.01-501," provides that "if the intangible is

a debt due from, or a claim upon, a third person in favor of the judgment debtor. . . ," then the lien shall extend for a period of one year from the final determination of the amount owed. The inescapable import of this provision is that the lien on intangibles includes "claims upon a third person," whether speculative or not, that has not yet been liquidated. But this claim became fixed and liquidated during the life of the lien; hence the School Board's argument that "such claim at all material times relating to this proceeding was a contingent liability" is simply not accurate.

The School Board's second point, however, that it was not the person making payment, is more persuasive. The Board was not "the person making payment" as specified in the statute; Harleysville Mutual made the payment. The settlement of McDonald's claim against the Board was totally and exclusively in the control of Harleysville. It was Harleysville's money; Harleysville's decision; Harleysville's responsibility. Harleysville was an entity totally and completely distinct and separate from the Board; there was no principal-agency relationship between it and the Board -- their relationship was contractual only. As the Board did not and could not exercise any control over Harleysville in evaluating or settling the claim, the doctrine of respondeat superior or any corollary thereto is not applicable. Cases cited to the contrary are simply not in point or are clearly distinguishable.

The language in Harleysville's release which states that the money was paid to McDonald by the School Board and which, the plaintiff argues, should therefore bind the Board is interesting -- and tempting. But the realities of the circumstances, and the absence of any participation by the School Board in preparing the release, militate against holding the Board accountable for the obvious error-in-fact committed by Harleysville.

The statute clearly limits the liability for non-compliance with a notice of lien to the "person making payment." The School Board not being the "person

making payment," either actually or by vicarious imposition, the garnishment must fail. Judgment, accordingly, will be for the defendant.